DAUKSCH, Judge,
dissents.
I respectfully dissent.
Appellant seeks to have an appeal reinstated after it was dismissed for failure to file a brief timely.
After receiving extensions of time for the filing of the record on appeal appellant filed it on October 21, 1993. Because the rules of appellate procedure required the filing of the initial brief on November 1, 1993, appellant asked for and was granted an extension of time for the brief filing, until November 24, 1993. On November 24, 1993, by the certificate of service, or November 29, 1993, the date received in this court, appellant asked for another extension of time. Again the time was extended until December 17, 1993, with the admonition in the order that no further extensions would be allowed.
On December 17,1993, by the certificate of service, or December 21, 1993 the date filed in this court, appellant filed a document entitled “Lawyer Mason’s Notice of Nonwillful Noncompliance with Court Order dated November 30, 1993, and Request to Reconsider Same.” While I do admit this is a most impolite and in-your-face “notice” rather than the usual respectful motion, I would *1094 have treated it as a proper motion and granted it because, to me, it set out good and sufficient grounds for an extension of time for the filing of the brief. Because this court has before afforded the relief sought and because the behavior, both as to the tardiness and the disrespect, could be dealt with in another fashion, I would reinstate the appeal and allow the brief which has been filed to be accepted and the ease heard on its merits.
It seems to me that the ruling in Kozel v. Ostendorf, D.P.M., 629 So.2d 817 (Fla.1994) is pertinent to this case. There, the supreme court held that dismissal of a cause of action in the trial court should be done rarely and only in the extreme cases. In Kozel the lawyer failed to follow a court order to file an amended complaint and failed to abide by an agreement with opposing counsel to even later file the amended complaint. The trial court dismissed the case. The supreme court ruled:
However, a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error. To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Alten-bernd: 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
This case is essentially the same as Kozel and I would treat the parties the same.
As a parting thought I am moved to say that the actions and behavior of appellant’s counsel are such that I am convinced he has little or no respect for this court and has demonstrated no fear of the result of his borderline behavior. I am also impressed with his treatment of opposing counsel whom he refers to as “the government’s representative” while he refers to himself as “counsel” and “Lawyer Mason.” Ms. Barbara Fink is an attorney, an assistant attorney general, and a good lawyer. She should not be relegated to the position of “government representative.”
If indeed it is the goal of The Florida Bar to guide its members in courteous, respectful and proper behavior then perhaps this a case worth considering.
W. SHARP, J., concurs.